whether such ruling be right or wrong, the party is entitled to make an application to the court, and to have his pleadings amended in order to avoid the objection taken. It seems to me that the establishment of such a rule would result in the transfer of the trial of a case from the tribunal before which it was pending to the part of the special term devoted to the hearing of motions. The order should be reversed.

---

(39 App. Div. 457.)

### KOENKE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

CONNECTING CARRIERS—INJURY TO PASSENGER— CONTRACTING CARRIER'S LIA-
BILITY.

Defendant contracted to transport a society over its line, and return, for a certain per capita fare. The society desiring to make a side trip over another company's line on the return journey, defendant's agent, at the society's request, obtained the additional rate from that company, and defendant sold tickets for the entire trip, but the coupons covering such side trip were issued by defendant "for the account of" the other company. *Held*, that defendant did not contract to transport the society over the other company's road, and was therefore not liable for injuries sustained by one of its members through the negligence of that company.

Appeal from trial term, New York county.

Action by Bernard Koenke against the New York Central & Hudson River Railroad Company. From a judgment dismissing plaintiff's complaint, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and McLAUGHLIN, JJ.

R. F. Rabe, for appellant.

A. H. Harris, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for injuries sustained by the plaintiff in a collision on the Fall Brook Coal Company's railway, near Dresden, in the county of Yates, in the state of New York. It appeared from the evidence in this case that the plaintiff was a member of a Mannerchor Society which was making an excursion from the city of New York to Niagara Falls, including a trip to Watkins Glen. Certain arrangements for this excursion were made by Mr. Leitner, the vice president of the Mannerchor Society, on behalf of the society, with a Mr. Richards, who was the assistant general passenger agent of the defendant. After Mr. Leitner and Mr. Richards had agreed upon the rate, etc., to be charged for the excursion to Niagara, the subject of taking in Watkins Glen upon the trip came up. Richards then informed Leitner that Watkins Glen was on another road, and asked him if he should get the rate from the other road, or if Leitner would get it. Mr. Leitner testified: "I asked him to get the rates for us;" and further: "I saw him afterwards, and he told me that one dollar would be the rate that the Fall Brook would charge. When he told me that, I told him to go ahead with it, and make arrangements with the Fall Brook Company, and he did." A letter was received by

Leitner from Richards giving the particulars of the arrangement, in which he stated that he had arranged for a special train over their own line, and over the Fall Brook Coal Company's line to Watkins. Subsequently tickets were issued over the defendant's line to Niagara, and over the Fall Brook Company's line from Geneva to Watkins; these tickets, upon their face, showing that they were issued by the New York Central & Hudson River Railroad Company on account of the Fall Brook Coal Company.

Upon this state of facts, the court dismissed the complaint, upon the ground that at the time of the happening of the accident the plaintiff was being transported by the Fall Brook Company over its line, and not by the defendant. We do not see that any other conclusion could be arrived at from the evidence. It is manifest that Richards, at the request of the Mannerchor Society, secured from the Fall Brook Company their rates for the excursion. The tickets which were issued were issued by the New York Central & Hudson River Railroad Company as the agent of the Fall Brook Company. The vice president of the society, Mr. Leitner, was made aware of the fact that the transportation from Geneva to Watkins and back was to be made over the road of another company; and he, as the agent for the society, made the arrangements for transportation over that road. It was done at the request of Mr. Leitner, the agent of the society, and not on behalf of the defendant. The defendant's agent asked whether he should get those charges, or whether Leitner would get them, and Leitner asked him to obtain the rates for the society. This interpretation of the arrangement is fortified by the manner in which the tickets were issued. No ticket was issued by the defendant company in its name over the route from Geneva to Watkins. The only ticket issued by it was for and on account of the Fall Brook Company, the defendant acting as the agent of that company in the issuing of the tickets. The contract in regard to the transportation was made with the Fall Brook Company, and not with this defendant.

Such being the evidence, it is clear that there was no contract upon the part of the defendant to transport the plaintiff over the Fall Brook Company's road; and the judgment appealed from should be affirmed, with costs. All concur.